IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-07-SLR |
| RYAN EVANS, | : | |
| Defendant. | : | |

## DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS STATEMENTS

Defendant, Ryan Evans, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment of the United States Constitution, for an Order suppressing for use by the government any and all statements made by the defendant to law enforcement officials on or about October 12, 2007.

In support of this motion, the defendant submits as follows:

1. On January 10, 2008, officers executed a search warrant at 428 South Jackson Street, Wilmington, Delaware.[1] As a result of the search of that location, drugs and a firearm were recovered. During the course of the search, Mr. Evans was questioned by law enforcement officials. In response to this questioning, Mr. Evans is alleged to have made several incriminating statements.

2. Mr. Evans moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made to law enforcement officers. According to <u>Jackson v. Denno</u>, 378 U.S.

---

[1] The facts contained in this motion were taken from the police reports prepared with regard to this case. By citing these facts in his motion, Mr. Evans does not concede that the events transpired as stated in these reports. Mr. Evans submits that an evidentiary hearing is needed to further develop the facts, which are in dispute and determinative of this motion.

368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined."  Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and its progeny.  <u>See</u> <u>Miranda</u>, 384 U.S. at 475.

3.	It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement.  <u>Miranda</u>, 384 U.S. 436.  If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily.  <u>Id</u>. at 444.

4.	In the present case, Mr. Evans is alleged to have made incriminating statements in response to questioning by law enforcement officials during the execution of the search warrant.  No evidence has been presented to indicate that there was ever an affirmative indication of an understanding or voluntary waiver of the entire litany of constitutional rights.  <u>See</u> <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

5.	The government has provided no evidence that Mr. Evans was ever advised of his <u>Miranda</u> rights prior to being questioned by law enforcement officials, or that any alleged waiver of his rights was knowing, intelligent, or voluntary.

6.	Since any statements elicited from Mr. Evans were taken in violation of the Fifth Amendment and in violation of Miranda and its progeny, Mr. Evans' statements must be suppressed.

**WHEREFORE**, the defendant, Ryan Evans, respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to

suppress the defendant's statements as discussed above.

                                              Respectfully submitted,

                                              /s/
                                          Eleni Kousoulis, Esquire
                                          Assistant Federal Public Defender
                                          704 King Street, Suite 110
                                          Wilmington, Delaware  19801
                                          (302) 573-6010
                                          ecf_de@msn.com
                                          Attorney for Defendant Ryan Evans

Dated: March 14, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-07-SLR |
| | : | |
| RYAN EVANS, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Evans' Motion to Suppress Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any statements made by Mr. Evans on or about January 10, 2008, shall be suppressed.

 

 

                                                                                                                                                      The Honorable Sue L. Robinson  
                                                                                                                                                       United States District Court