

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*
*1007 N. Orange Street, Suite 700*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

April 29, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:  **United States v. Ryan Evans**
           **Criminal Action No. 08-07-SLR**

Dear Judge Robinson:

    The Court has scheduled a Suppression Hearing in the above-referenced matter for April 30, 2008 at 1:00 p.m. This letter provides background on the factual circumstances of the case, the issues that the Government understands the defendant will raise at the hearing, and a brief synopsis of the Government's legal position regarding those issues.

    The defendant, Ryan Evans was arrested on January 10, 2008, at 428 South Jackson Street, Wilmington, Delaware. As the Officers were entering the residence, they heard a window open and an object was thrown from the second floor of the residence.

    Upon contacting the defendant, Wilmington Police Detective Randolph Pfaff gave the defendant *Miranda* warnings. Detective Pfaff asked the defendant if there were any drugs or money in the home; the defendant responded in the negative. Detective Pfaff asked a second time if any drugs or money were in the house. The defendant advised that he had approximately $1000 in the home. The defendant then revealed the currency, hidden under the mattress, to the officer. Detective Pfaff then inquired of the defendant as to what he threw out of the window. The defendant replied, "a 9mm."

    Inside the residence, Officers located eighty-five bags of heroin weighing 2.06 grams, $1453.00 in cash, and other drug paraphernalia. In the alleyway outside of the home, the Officers located a Walther P99, 9mm handgun loaded with fifteen 9mm Luger rounds.

    As a result of the investigation, the defendant was indicted with three criminal offenses: one count of Possession with Intent to deliver Heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18

U.S.C. § 924(c)(1)(A); and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

After reviewing the defendant's *Motion to Suppress Statements* and after conferring with defense counsel, the Government understands that the defendant will argue either (1) that the defendant was never advised of his Miranda rights prior to being questioned by law enforcement officials; or, in the alternative, (2) that any statement given by the defendant was not "knowing, intelligent, or voluntary." *See* Motion to Suppress (Mar. 14, 2008) at ¶5. The Government will demonstrate at the Suppression Hearing that, for the reasons discussed below, both of these arguments should be denied.

First, the Government will present at least one witness who will testify that the defendant was given his *Miranda* warnings prior to offering any statements that the Government intends to present in its case-in-chief. The Government expects that this testimony will be sufficient to address the defendant's first assertion.

Assuming the Government successfully rebuts the defendant's first argument, the Government expects the defendant to argue that his waiver of *Miranda* rights were not knowing, intelligent, or voluntary. It is the Government's burden of proving, by a preponderance of the evidence, that the defendant's statements were made voluntarily. *Colorado v. Connelly*, 479 U.S. 157, 168-70 (1986).

An evaluation of a purported waiver of *Miranda* rights involves a two-step analysis. First, the Court must determine whether the waiver was a product of "a free and deliberate choice rather than intimidation, coercion or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Second, the Court must determine whether the waiver was made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* In making these determinations, the Court should review the totality of the circumstances surrounding the interrogation, including the background, experience, and conduct of the suspect. *See Moran*, 475 U.S. at 421; *Oregon v. Bradshaw*, 462 U.S. 1039, 1046 (1983). It is well-established that a waiver may be made expressly or may be implied from the defendant's conduct. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979); *United States v. Cruz*, 910 F.2d 1072, 1080 (3d Cir. 1990).

The government expects the Officers testimony to touch on both the defendant's prior criminal record, including numerous arrests and two state felony convictions and a federal gun possession conviction; as well as his conduct after he consented to speak with the Officer. The Officer will testify as to the defendant's age, physical description, and attitude. Furthermore, the Officer is expected to testify that the defendant not only responded to the Officer's questions, but showed the officer where certain contraband was located. All of this testimony will show that, given the defendant's background and experience along with his conduct in responding to the Officer's questions, the defendant was fully aware of his rights under *Miranda* and chose to abandon those rights.

    For the reasons set forth above, the Government requests that the Court, after the conclusion of the Suppression Hearing, deny the defendant's *Motion to Suppress*.

                        Yours very truly,

                        COLM F. CONNOLLY
                        United States Attorney

                    BY: _____
                        Shawn E. Martyniak
                        Special Assistant United States Attorney

cc:    Eleni Kousoulis via CM/ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-07-SLR |
| | ) | |
| RYAN EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

After hearing testimony related to the defendant's *Motion to Suppress Statements* on April 30, 2008, IT IS HEREBY ORDERED that the defendant's motion is denied.

Dated: _____                              _____
                                                    Honorable Sue L. Robinson
                                                    UNITED STATES DISTRICT JUDGE