

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

| | |
|---|---|
| 1007 Orange Street, Suite 700 | |
| P.O. Box 2046 | (302) 573-6277 |
| Wilmington, Delaware 19899-2046 | FAX (302) 573-6220 |

June 6, 2008

Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

## <u>Supplemental Memorandum</u>

      Re:  *United States v. Ryan Evans*,
            **Criminal Action No. 08-07-SLR**

Dear Judge Robinson:

      On April 30, 2008, Your Honor heard testimony relating to the matter of *United States v. Ryan Evans*. At the conclusion of the hearing, Your Honor directed the parties to set a schedule to provide the Court with briefings stating each parties respective positions. Both parties agreed that the Government would file its *Memorandum* by May 19, 2008, with the defendant's response due on June 2, 2008. The government was given until June 6, 2008 to file a response to the defendant's brief. The Government respectfully submits the following *Supplemental Memorandum* to respond to additional issues raised by the defendant's brief:

      <u>I. Facts.</u>

      On January 10, 2008, Wilmington Police Officers executed a *Search Warrant* at 428 S. Jackson Street, Wilmington, DE. Wilmington Police Detective Randolph Pfaff contacted the defendant in his room after it had been secured by members of the SWAT team; the defendant was handcuffed when contacted by Detective Pfaff. Once in the room where the defendant was located, Detective Pfaff noticed the window was open and the screen covering the window had a hole in it.

      Detective Pfaff gave the defendant his *Miranda* warnings. The defendant stated he understood his *Miranda* rights and Detective Pfaff began questioning him. When questioned if there was any contraband or large sums of money in the house, the defendant initially denied that any contraband was located within the residence. After further questioning, the defendant did not orally respond, but physically disclosed a large amount of currency that was hidden in the bed. After discovery of the currency, the defendant was asked what type of firearm he threw out the window. The defendant responded, "a 9mm." The defendant then requested an attorney and questioning ceased. In addition to the currency and firearm, a subsequent search of the residence revealed 85

bags of heroin that weighed approximately 2.55 grams. The defendant did not make any statement regarding the heroin.

As a result of the arrest, the defendant was charged with three crimes: 1) possession with intent to deliver heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); 2) carrying a firearm during and in relation to a drug-trafficking crime (*i.e.*, Count I) and possessing the firearm in furtherance of said crime, in violation of 18 U.S.C. § 924(c)(1)(A); and 3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

II. Legal Argument.

In its post-hearing brief, the Government argued that the defendant received his *Miranda* warnings and his subsequent waiver and statements were made "knowingly, voluntarily, and intelligently." The Government also asserts that the defendant's conduct, experiences, and background created an implied waiver of those rights.

Although Officer Pfaff received a verbal response from the defendant stating that he understood his *Miranda* rights, the defendant argues, *inter alia*, that the Officer violated the defendant's Miranda protections by not "[obtaining] his express or implied waiver or consent to questioning to ensure that he understood the nature of the rights being abandoned..." *Def. Pre-Trial Motion* P.6. The Government submits that the defendant's physical response and answers to questions, along with his age, experience, and background, created an implied waiver of his *Miranda* protections.

In *North Carolina v. Butler*, 441 U.S. 369 (1979), the Supreme Court, wrote, "An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *Id.* at 373. The Court summarized its decision in writing, "...a court *may* find an intelligent and understanding rejection of counsel in situations where the defendant did not *expressly* state as much." *Id.* at fn 4. It is worth noting that when Butler was decided, ten of eleven United States Courts of Appeals...held that an explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent..."[1] *Butler*, 441 U.S. at 375-6.
[2]

After deciding that an express waiver was not required to be valid, the Court wrote, "the question of waiver must be determined on "the particular facts and circumstances surrounding that

---

[1] *United States v. Speaks*, 453 F.2d 966 (1st Cir. 1972); *United States v. Boston*, 508 F.2d 1171 (1st Cir. 1974); *United States v. Stuckey*, 441 F.2d 1104 (3d Cir. 1971); *Blackmon v. Blackledge*, 541 F.2d 1070 (4th Cir. 1976);...*United States v. Cavallino*, 498 F.2d 1200 (5th Cir. 1974);...*United States v. Ganter*, 436 F.2d 364 (7th Cir. 1970); *United States v. Marchildon*, 519 F.2d 337 (8th Cir. 1975);... *United States v. Moreno-Lopez*, 466 F.2d 1205 (9th Cir. 1972);...*Bond v. United States*, 397 F.2d 162 (10th Cir. 1968) (but see *Sullins v. United States*, 389 F.2d 985 (10th Cir. 1968)); *United States v. Cooper*, F.2d 1060 (1974)..." *Butler*, 441 U.S. at 376 fn 5.

[2] Since the *Butler* decision, the Sixth Circuit has also determined that an express waiver is not necessary, most recently in *United States v. Nicols*, 512 F.3d 789 (6th Cir. 2008).

case, including the background, experience, and conduct of the accused." *Butler*, 441 U.S. at 374-5 quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

The Third Circuit faced a similar situation in *United States v. Velasquez*, 626 F.2d 314 (3d Cir. 1980). Pauline Velasquez was given *Miranda* warnings after her arrest and made incriminating statements; the only witness to the statements was the police officer that questioned Velasquez. Velasquez stated that she understood her rights, but no explicit waiver was received by the investigating officer. Velasquez argued that the mere fact that she made statements following *Miranda* warnings did not constitute a sufficient waiver of her Fifth Amendment rights to permit the use of the statements against her. *Velasquez*, 626 F.2d. at 319. The Court wrote, "We hold that on this record, Pauline's subsequent willingness to answer questions after acknowledging that she understood her Miranda rights is sufficient to constitute an implied waiver under *Butler*." *Velasquez*, 626 F.2d at 620.

Similar to *Velasquez*, in the case at bar, there was no express waiver. The defendant was given his *Miranda* warnings, he stated he understood those warnings, and he proceeded to make incriminating statements. The defendant, prior to making the statements, never indicated that he wished to invoke his *Miranda* rights. Once the defendant did request an attorney, all questioning was ceased.

The Government submits that the defendant's acts combined with his background, experience, and conduct demonstrates an implied waiver of rights by the defendant. The defendant is a twenty-six year old male who speaks English. The defendant's criminal history reflects forty-three arrests resulting in three felony and twelve misdemeanor convictions in the State of Delaware. The defendant stated he understood his *Miranda* rights after hearing them in this arrest and on a prior occasion. The defendant's physical response by revealing the currency hidden on his bed reflects a waiver of his *Miranda* rights by the defendant. Finally, after making incriminating statements, the defendant requested an attorney, further demonstrating his awareness and understanding of his *Miranda* rights.

The statements made by the defendant to Wilmington Police Detective Pfaff should not be suppressed. The defendant was given *Miranda* warnings and stated he understood them. The defendant's subsequent actions combined with his background, experience, and conduct create an implied waiver of his Miranda protections.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Shawn E. Martynlak
Special Assistant United States Attorney

cc:   Eleni Kousoulis, Esquire (By CM/ECF w/enclosure)